UNITED STATES EXPRESS COMPANY v. ARABELLA ROOT.

*Express Companies—Negligence in delivery—Costs for prolixity.*

A concert singer contracted with certain persons to give a concert at a certain point, and the latter expressly stipulated that she should furnish them the posters announcing it, not later than the 21st inst. The posters were printed in another town, and were delivered to the express company on the evening of the 20th to be forwarded. The person in charge of the express office was told that the forwarders wanted the package to go on "No. 5," in order to make connection, as they wanted the package and did not want it to be delayed. Nothing was said about its contents or purpose or any necessity for its delivery next day, nor was any departure from the usual course of business asked for. The package was sent by train No. 5, but owing to the running arrangements it did not reach its destination until the evening of the 21st, and could not be delivered until the next day. The parties who had contracted for the concert accordingly cancelled the arrangement, and the concert singer, claiming to be injured in consequence, sued the express company for negligence in not making seasonable carriage and delivery of the package. *Held*, that the action could not lie.

Half the cost of printing the record was denied the prevailing party on account of its needless prolixity. Sup. Ct. Rule 59.

Error to Kalamazoo. Submitted October 18. Decided October 27.

CASE. Defendant brings error. Reversed

*Edwards & Stewart* for plaintiff in error. Damages against a carrier for failure to deliver can be such only as arise from non-performance and as might be supposed to have been contemplated by the parties, and where immediate delivery is important it must be shown that the carrier knew the contents of the package and their intended use : Hutchinson Carriers § 772 ; 2 Pars. Cont. 456 ; *Chic. etc. R. R. v. Hale* 83 Ill. 360 ; *Scott v. Steamship Co.* 106 Mass. 468 ; *Hadley v. Baxendale* 9 Exch. 341 ; *Gt. Western Ry. Co. v. Redmayne* L. R. 1 C. P. 329 ; *Blanchard v. Ely* 21 Wend. 342 ; *Griffin v. Colver* 16 N. Y. 489 ; *Vicksburg & Meridian R. R. v. Ragsdale* 46 Miss. 458 ; *Hamilton v. McPherson* 28 N. Y. 72 ; Addison on Contracts, § 488.

*George M. Buck* for defendant in error.

GRAVES, J. The defendant in error was allowed to recover in the court below for alleged negligence in not making seasonable carriage and delivery of a package of advertising circulars, and the company complain of errors.

Miss Root had organized a troupe of singers under the name of "Arabella Root Concert Company" to travel through the country and give concerts. On the 18th of December, 1878, she contracted through an agent with Duncan & Finley to give a concert at Peak Hall, in Niles, on Thursday the 26th of December, the respective parties to divide the proceeds in certain proportions. It was one of the express terms of the contract that Miss Root should deliver to Duncan & Finley 1000 printed circulars to be used for advertising, and that the delivery should be made to them not later than the 21st in order to afford opportunity to give satisfactory notice. Chase & Kent, of Elkhart, printed the circulars and sent them to the office of plaintiff in error at that place for carriage to Niles. They were put up in a package and directed as follows :

"PROP. PEAK HALL,
                                  Niles, Mich.
For Arabella Root Concert Co., Niles, Mich.
    From Chase & Kent.                    18 Ex. 25 cts."

They were so taken to the office by an agent of Chase & Kent in the evening of Friday, December 20th, and he stated to the person in charge that he had a package from Chase & Kent for the Arabella Root Concert Company to be sent to Niles, and that they wanted it to go on No. 5 in order to make connection, as they wanted the package and did not want it to be delayed. No other directions or explanations appear to have been made. Nothing was said about the contents of the package, nor was it intimated that it had any connection with any specific occasion, and much less that any necessity existed for its being delivered at Niles the next day, or that any departure from the usual course of business was either wished or expected. The plaintiffs in error had no office at Niles, and their express matter sent there was delivered through the American Express Company. By the established course of business all express matter made up at Elkhart for Niles by the way of train No. 5 had to be taken on at 20 minutes before 5 in the morning and be carried on to Laporte and then returned to South Bend at a few minutes past 11. Reaching South Bend at that hour it could not take the morning train for Niles because too late, and would necessarily have to await the evening train. And packages arriving at Niles by that train would be too late for delivery the same day.

The package in question in this suit did not arrive at Niles by the first train on the 21st of December, and it was well understood that it could not by any other train on that day in season to be delivered, or to be made use of under the contract, and Duncan & Finley immediately cancelled their agreement and gave notice to a person who had acted' for defendant in error in some other matters. They forebore to make any preparations for the concert and it fell through. And the claim is made by defendant in error that this failure brought on others, and finally caused the breaking up of the enterprise and the loss of present means and of large future gains, and the whole is averred to have proceeded from the negligence of the express company.

As developed on the trial the gist of the complaint is

that according to the actual state of facts the express company was under a legal duty to have the package of circulars delivered at Niles in season to fulfill the agreement in that regard which the defendant in error had made with Duncan & Finley. And as we have seen, that agreement required that the circulars should be furnished to them by defendant in error not later than the 21st of December. Her failure to keep her agreement and hold Duncan & Finley and carry out the enterprise was owing, it is said, to the failure of the express company to have the circulars on the spot in season, and that in order to be in season they should have been brought to Niles on the first train on Saturday. Hence, upon the theory contended for, the contention of the defendant in error as before stated comes to this that it was the duty of the express company to deliver the circulars at Niles early on Saturday.

It therefore becomes a vital question whether, upon the admitted facts, the express company was under that duty. The answer appears to be unavoidable. The express company was not asked to deviate from the usual course, and the circumstances suggested no cause for any change. There was no request for any exception in favor of this particular freight and for a new and special arrangement for the time being to accommodate. Nor was there anything to indicate to the company that failure to deliver at Niles by Saturday forenoon, or any other short time, would involve defendant in error or anybody else in a breach of contract to be followed by great or small damage, or even would eventuate in loss of any kind to her or to any others. The package was entrusted to the express company with express directions for its carriage in a specified train, and the carriers were bound to suppose that the freighter, in giving the explicit direction, knew what he was about and meditated the usual times, methods and connections observed by that train. No other view is possible.

Admitting this and what is the consequence? The fact is undisputed that, according to the usual course of business, the freight received at Elkhart on Friday night to be carried

to Niles by way of train No. 5, could not reach Niles in time to be delivered to the consignee until the Monday following. The company therefore neither assumed the duty or had it imposed to deliver the circulars at Niles by the time the defendant in error had agreed that Duncan & Finley should have them, and the breach of the agreement between the defendant in error and Duncan & Finley, and on which they threw up the contract, was not imputable to the violation of any duty due from the express company to her. The time allowed to the express company to carry the package and deliver it at Niles exceeded the time limited by her agreement with Duncan & Finley, and they terminated the agreement while the time given to the express company was still running.

In reviewing this case we have refrained from noticing the points in detail and have applied attention to the substance. The composition of the record and the form practically given to the controversy have made this course almost necessary. A great deal appears not authorized by the declaration and the case seems to have taken a range beyond the issues made by the pleadings and beyond those limits which the law would prescribe in a definition of the transaction. Had the case been prosecuted on the single and distinct theory that the express company in not delivering by the Monday succeeding the shipment were guilty of unreasonable delay and liable for such damages as the carriers were bound to suppose might ensue, the contention would have presented another and different shape.

The view taken by the circuit judge was contrary to our opinion of the law applicable to the case and the judgment must be reversed with costs and a new trial granted.

But the costs will be taxed with an abatement of half the cost of printing the record for the reason that the court is satisfied it is unnecessarily prolix and subject to Rule 59.

The other Justices concurred.